GEO. W. HOMAN, PLAINTIFF IN ERROR, V. JAMES R.
BOYCE, DEFENDANT IN ERROR.

Principal and Agent: ACTION FOR DEATH OF HORSE: EVIDENCE.
In an action by B. against H. for the value of a horse which B.
had left at the livery stable of H. with permission to occasion-
ally let him to proper and careful drivers, and which had been
let on the 4th day of July to an improper person, was over-
driven and not properly cared for, from the effect of which he
died on the 8th day of July following, a statement made to B. by
the agent of H. and foreman and general manager of said livery
stable, as to the condition and appearance of the horse when re-
turned to the stable July 4th, his symptoms since that time, and
at the then present time, was properly admitted in evidence on
the part of the plaintiff, having been made at the same time of
the depending transaction, and constituting a part of the *res
gestæ.*

ERROR to the district court for Douglas county. Tried
below before WAKELEY, J.

*Webstsr & Gaylord,* for plaintiff in error cited : *Fairlie
v. Hastings,* 10 Ves., 126. *White v. Miller,* 71 N. Y.,
118. 1 Greenleaf Ev., 141. *Luby v. Hudson River R.
R.,* 17 N. Y., 131. *Anderson v. Railroad,* 54 N. Y., 340.
*Ryan v. Gilmer,* 2 Mort., 517. *Robinson v. R. R.,* 7
Gray, 92. *Packet Co. v. Clough,* 20 Wall., 528.

*W. J. Connell,* for defendant in error, cited: *O. & M.
R. R. Co. v. Porter,* 92 Ill., 437. *Morse v. Conn. R. R.
Co.,* 6 Gray, 450. *Curtis v. Avon R. R.,* 49 Barb., 148.
*Maher v. Chicago,* 38 Ill., 273. *Dowdall v. Penn. R.,* 13
Blatch., 403. *Burnside v. Grand Trunk,* 47 N. H. 554.

COBB, CH. J.

James R. Boyce, defendant in error, was the owner of a
horse, which he kept in the livery stable of Geo. W. Homan,
senior, plaintiff in error. An understanding was had be-
35

tween said Boyce and Homan, that Homan might let the horse out for hire to a good careful driver, and accordingly said Homan did let said horse for hire, on the 4th of July, to a couple of young men to drive to Pries' lake, a distance of about seven miles. The horse was returned at about nightfall, showing that he had been overdriven and not properly cared for, refusing to eat or drink. The next morning the horse was sick, and grew worse for several days, when he died. This action was brought by Boyce in the court below against Homan for the price of the horse. A trial was had to a jury who found in favor of the plaintiff. A motion for a new trial was made and overruled; and judgment was rendered for the plaintiff for $77.84, being $114 for the horse, less Homan's bill with interest, $36.16. The case was brought to this court on error.

There are but two errors insisted upon : First, That the verdict of the jury is not sustained by proper evidence ; and Second, That the court erred in permitting the plaintiff to give in evidence the declarations of Henry Homan, Jr., made on July 7th, which was three days after the driving of the horse, which it is alleged caused its sickness and death.

The question was: What he (meaning Henry Homan, Junior) said then : What conversation you had with him concerning the horse when you came in?, (meaning July 7th). The court said he might answer as to what Henry Homan said as to the condition of the horse. The witness answered, " When I went to the stable on information received, a friend of mine informed me that the horse was sick. I found he was sick, and asked Mr. Homan what was the matter with him ? He said the horse had been sick from the time he came in on the fourth of July, but he did not consider it dangerous until that day ; he hadn't eaten anything since he had come in; and my impression is he said when he came in he was not sweating at all but was hot, and he thought he was melted on the inside."

Henry Homan, Junior, was the agent and General Manager of the defendant below; and it was he that had in fact let the horse as above stated. It is contended by the plaintiff in error that said Henry Homan, Junior, being but his agent, his declarations as above testified to were inadmissible as against him; and many authorities are cited in support of this proposition.

Under the authorities a declaration of the agent, in order to bind the principal must be made at the same time—that is, contemporaneous with and constitute a part of the *res gestœ.*

When it is borne in mind that thê keeping and care of the horse, the manner in which the horse was cared for, the degree of carefulness in letting him, his condition after being let, and the failure to deliver him in a sound condition to the owner when called for, and his sickness and death from some cause, was the *res gestœ* in this case, I am unable to see why the statement of his condition during any portion of the time covered by the above, by the agent as stated by the witness, was not a part of the *res gestœ.*

On the other point I am unable to see in what respect the evidence fails to uphold the verdict. The testimony is to the effect that the horse had been in the stable and under the care of the plaintiff in error for a considerable time; that he had suggested to the defendant in error that the horse ought to be driven for his own benefit; that the horse was in excellent physical condition, and had never been sick, or known to refuse his food, but was too fat and soft by reason of not having received sufficient exercise. Mr. Boyce yielded to the suggestion of Mr. Homan sufficiently to authorize him to let the horse occasionally, but only to reliable and responsible persons who would drive the horse as carefully as would either of the parties; both of whom are old gentlemen, and easy, careful drivers. Upon this authority, the agent of the plaintiff in error, on the fourth of July, a day which is notoriously hard upon livery

stock, let the horse to two young men whom he did not know and without inquiry as to their answering the requirements above set forth, and who proved to be not careful or proper persons to intrust with such an animal on a hot day as that proved to be. They drove the horse to the place designated, let him stand all day without water, and drove back to the city, the horse being in such condition as to excite the remark of strangers that he was being overdriven; when returned to the stable he was in a hot feverish condition, refused his food, was sick the next morning, and continued so for about four days, when he died. Counsel argued with considerable force that under these circumstances there was no presumption that the horse was overdriven and died from that cause. While there is probably no legal presumption in the case, yet it was a matter peculiarly for the consideration of the jury. The care of, dangers to, and everything concerning horses are matters better understood by the average juryman than by the professional expert.

The evidence is that the horse died in the possession of of the plaintiff in error. If he wished to, it was quite in his power to have had an autopsy of the animal and thus enabled himself to prove that his death was occasioned by other causes, if such was the fact. And I think the burthen of doing so was upon him rather than upon the defendant in error, and I think the jury were justified, under the evidence as given them, in coming to the conclusion that it was the letting of the horse, in violation of the conditions made by the defendant in error, to an improper person and his improper treatment by such person, that caused his loss; and upon the whole I think the jury reached the only conclusion open to them under the circumstances.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.